# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA

v.                                                         1:05-cr-244-WSD

JAMES WESLEY HUNT,

          Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation and Order ("Report and Recommendation") [26] on Defendant's Motion to Suppress Illegally Obtained Evidence and Fruits Thereof and Request for Evidentiary Hearing [15]. An evidentiary hearing was conducted on August 19, 2005 ("Supp. Hearing"), and the Report and Recommendation was entered on December 20, 2005. Defendant requested and received two extensions after the hearing to file a post-hearing brief, but failed to make an additional submission. Defendant also has not filed objections to the Report and Recommendation.

*Review standard*

Pursuant to 28 U.S.C. § 636(b)(1) and Local Criminal Rule 58.1, district judges are required to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(B); L. Cr. R. 58.1(A)(3)(a).  Where no objections have been filed, the Court reviews the record for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  In the absence of an objection, the Court adopts as its findings the facts set out by the Magistrate Judge in the Report and Recommendation.  After careful review, the Court finds no plain error in the Magistrate Judge's factual or legal conclusions.

*Discussion*

The Magistrate Judge considered three arguments offered by Defendant in support of his motion to suppress.  Defendant claims that the search warrant, which he challenges here, was issued based on information which was the product of prior illegal warrantless seizures, including information obtained from (i) an alleged warrantless search of bank records in Chicago, (ii) two alleged illegal searches of trash Defendant left for pickup outside of his apartment, and (iii) an

alleged illegal seizure of a FedEx package which Defendant sent. The Report and Recommendation addresses each of these alleged illegal searches and found the information resulting from them was permissibly considered in finding probable cause for issuance of the search warrant Defendant challenges here. The Court agrees.

Defendant abandoned at the suppression hearing his argument that the search conducted in Chicago was either illegal or improper and the Magistrate Judge did not consider this argument. Accordingly, the Court considers only the remaining arguments Defendant advanced to support his suppression motion. (Report and Recommendation at 14, n. 4).

Defendant claims that the searches of his trash were illegal. The facts discredit this argument. Defendant placed the trash in a trash container, which he then placed in a public area, on a public road outside of his apartment (along with trash containers placed there by other apartment residents) for pickup by trash collectors. (Supp. Hearing Tr. Ex. 1). Under these circumstances, Defendant cannot claim a Fourth Amendment interest in his discarded refuse. That is, Defendant did not have a reasonable expectation of privacy in trash he placed in a public place for public pickup and his claim that seizure of the trash was illegal is

unfounded.  See California v. Greenwood, 486 U.S. 35, 40-41 (1988); United States v. Hall, 47 F.3d 1091, 1095 (11th Cir. 1995).

Finally, Defendant claims the search of a FedEx package he mailed was illegal and the results of it could not be used as a basis of the affidavit on which the warrant in this case was issued.  The package at issue was sent under an airbill which contained the following term:

> **Right to Inspect**   We may at our option, open and inspect your package before or after you give them to us to deliver.

Where an airbill under which a FedEx package is shipped contains a provision that permits FedEx to open and inspect packages at its option, the shipper does not have a protected expectation of privacy in the package sufficient to sustain an objection to a search of the package.  See United States v. Young, 350 F.3d 1302, 1307-09 (11th Cir. 2003).

The Court notes further that the agents executing the search warrant were entitled to rely on it.  Where an agent's belief that probable cause exists to support issuance of a warrant and the belief is objectively reasonable from the viewpoint of

a reasonable officer, the exclusionary rule will not prohibit use of evidence produced by a search pursuant to the warrant.  United States v. Leon, 468 U.S. 897, 919-21 (1984).  While there are specific exceptions to this good-faith exception rule, they do not apply here.  See United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003).  For this reason alone, the affidavit provided sufficient grounds for the search to be conducted legally.

For these reasons,

**IT IS HEREBY ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation, and Defendant's Motion to Suppress Illegally Obtained Evidence and Fruits Thereof and Request for Evidentiary Hearing [15] is **DENIED**.

**SO ORDERED**, this 29th day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE